**COURTS v. ALLEN, Collector Internal Revenue.**

No. 88.

District Court, M. D. Georgia, Macon Division.

June 26, 1941.

Alston, Foster, Moise & Sibley, of Atlanta, Ga. (E. W. Moise, of Atlanta, Ga., of counsel), for plaintiff.

Mills Kitchin, Sp. Asst. to the Atty. Gen., and T. Hoyt Davis, U. S. Atty., of Macon, Ga., for defendant.

DEAVER, District Judge.

The above case was tried before the court without a jury upon an agreed statement of facts and, after argument of counsel, the court makes the following findings of fact, conclusions of law and judgment:

Findings of Fact.

1. This is a suit by Richard W. Courts, Jr., of Atlanta, Georgia, against Marion H. Allen, Collector of Internal Revenue for the District of Georgia, for the recovery of individual income taxes for the calendar year 1934 in the amount of $39,813.68, and interest of $11,051.49, plus statutory interest thereon from March 20, 1940.

2. The above taxes and interest resulted from the Commissioner of Internal Revenue increasing the net taxable income of the plaintiff in the amount of $103,671.75.

3. On or about March 21, 1940, plaintiff duly and timely filed a claim for refund of the taxes and interest described above, and based such claim on the grounds asserted in the bill of complaint herein.

4. Six months having elapsed before the Commissioner took action on the said claim for refund this suit was timely and duly filed.

5. The facts and circumstances on which the additional taxes and interest were assessed, which are now sought to be recovered are, as follows:

6. During the year 1929, and at all times thereafter material to this controversy, plaintiff, Richard W. Courts, Jr., was a member of the firm of Courts & Co., a partnership engaged in the brokerage and investment banking business in Atlanta, Georgia, and is still a member of this firm. In or about January, 1929, as a result of negotiations and discussions with Cyrus S. Eaton, senior member of the firm of Otis & Co., a partnership engaged in the general brokerage business in New York City, plaintiff decided to purchase a seat on the New York Stock Exchange and to accept the offer of said Eaton to finance such purchase and to form a certain business alliance with the firm of Otis & Co. Opportunity for such purpose presented itself through the action on January 24, 1929, of the Governing Committee of the New York Stock Exchange, which at that time duly authorized a 25% increase in the membership of the Exchange and issued to each of its then members a right to a one-fourth interest in a new membership.

7. In evidence of the obligation represented by the $402,000 borrowed from Eaton, plaintiff, pursuant to the rules of the New York Stock Exchange, entered into the agreement of July 11, 1929, called a subordination agreement, a copy of which is attached to and made a part of the stipulation and marked Exhibit "A".

8. During the year 1931 the said Cyrus S. Eaton, described as the lender in the subordination agreement with plaintiff, assigned his rights and interest in the said subordination agreement to others. Thereafter, the said assignees brought a suit in the name of Cyrus S. Eaton against the plaintiff in the United States District Court for the Northern District of Georgia for the collection of the principal and interest involved in the hereinbefore described subordination agreement. A plea in abatement was filed in answer to the petition and, after argument thereon, the petitioner's suit was dismissed on petitioner's own motion. The plea in abatement was that the subordination agreement barred any suit against Richard W. Courts, Jr., the plaintiff herein, until the contingencies set forth in said subordination agreement were met.

9. No suit was thereafter filed by any one against the plaintiff for the collection of the principal or interest involved in the said subordination agreement.

10. The plaintiff is still a member of the firm of Courts & Co., which is registered as a partnership on the New York Stock Exchange.

11. On May 9, 1934, plaintiff settled the loan of $402,000, together with accrued and unpaid interest thereon by entering into an agreement, a copy of which is attached to the stipulation, made a part thereof and marked exhibit "B".

12. At the time of the agreement on May 9, 1934, the financial condition of plaintiff, as reflected by his assets and liabilities, after taking into consideration the liability involved in the subordination agreement of $402,000 plus accrued and unpaid interest of $84,625, showed that his total liabilities exceeded his total assets by $169,328.35. After the settlement and agreement of May 9, 1934, was consummated plaintiff's assets (computing the then value of his New York Stock Exchange seat at $125,000) exceeded his liabilities by $103,671.75. The taxes and interest involved here resulted from the Commissioner of Internal Revenue adding to plaintiff's reported net income the said sum of $103,671.75, which the said Commissioner held constituted income by the cancellation of indebtedness limited to net worth after such cancellation.

13. The total sum of $213,625 paid by plaintiff pursuant to the terms of the agreement of May 9, 1934, represented: (a) cash paid for seat on the New York Stock Exchange $125,000 for the nominee of Cyrus S. Eaton; (b) initiation fee connected with said seat, $4,000; (c) cash paid to liquidate accrued and unpaid interest $42,312.50; and (d) notes given by plaintiff covering the balance of interest $42,312.50, which notes were subsequently paid in full. The difference between the total liability under the subordination agreement of $486,625 and the $213,625 paid, as above set out, by plaintiff amounted to $273,000 the Commissioner held constituted gross income for the year 1934, but the taxation of which, as heretofore stated, was limited to $103,671.75, representing net worth after the agreement and compromise hereinbefore described.

14. It is the contention of plaintiff that no part of the amount representing the

difference between the liability of the sub-ordination agreement and the sums of money actually paid by plaintiff in settlement and compromise thereof constituted gross income.

15. The income tax returns of Richard W. Courts, Jr., were and are on a receipts and disbursements calendar year basis. He took no deductions for interest paid of $42,312.50 in cash or the notes for a like amount for 1934 or any year subsequent thereto.

16. All seats on the New York Stock Exchange are identical in form, manner, substance and privileges. The range in prices for seats on the New York Stock Exchange from February 18, 1929, through May 28, 1941, is found to be as set forth in exhibit "C" attached to the stipulation and made a part thereof.

### Conclusions of Law.

1. The court has jurisdiction of the parties and the subject-matter.

2. Under the facts of this case, the transaction in question did not result in any taxable gain to the taxpayer.

3. Plaintiff is entitled to recover the amount sued for.

### Judgment.

Whereupon, judgment is hereby entered in favor of the plaintiff and against the defendant for the sum of $50,865.17, principal, and $3,865.75 interest to date, together with future interest on said principal sum at the rate of 6% per annum, and costs of this case.